**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON**

**Barbara L. Sager,**

       **Plaintiff,**

v.                                                **Case No. 3:05-cv-062
Judge Thomas M. Rose**

**Coolidge, Wall, Womsley & Lombard Co., et al.,**

       **Defendants.**

---

**DECISION AND ENTRY ADOPTING REPORT AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE OVINGTON** (DOC. 29)**, OVERRULING PLAINTIFF'S OBJECTIONS TO THE MAGISTRATE'S PROPOSED FINDINGS AND RECOMMENDATIONS,** (DOC. 30)**, GRANTING DEFENDANTS' MOTION TO DISMISS,** (DOC. 6)**, DISMISSING PLAINTIFF'S CLAIMS WITHOUT PREJUDICE TO RENEWAL AFTER ARBITRATION IS COMPLETE, DENYING OMNIBUS MOTION TO CONVERT DEFENDANTS' MOTION TO DISMISS TO MOTION FOR SUMMARY JUDGMENT; REQUEST FOR EXTENDED DEADLINE FOR THE PARTIES TO SUBMIT EVIDENCE; REQUEST FOR EVIDENTIARY HEARING; REQUEST FOR ORAL ARGUMENT OF PLAINTIFF BARBARA L. SAGER.** (DOC. 26)**, DENYING AS MOOT DEFENDANTS' MOTION FOR PROTECTIVE ORDER,** (DOC. 10)**, AND TERMINATING THE INSTANT CASE.**

---

       Pending before the Court are Plaintiff's Objections to the Magistrate's Proposed Findings and Recommendations. (Doc. 30). The Report and Recommendations of United States Magistrate Judge Ovington, (Doc. 29), recommends that the Court grant Defendants' Motion to Dismiss, (Doc. 6), deny Omnibus Motion to Convert Defendants' Motion to Dismiss to Motion for Summary Judgment; Request for Extended Deadline for the Parties to Submit Evidence; Request for

Evidentiary Hearing; Request for Oral Argument of Plaintiff Barbara L. Sager, (Doc. 26), deny as moot Defendants' Motion for Protective Order, (Doc. 10), and dismiss Plaintiff's claims without prejudice to renewal after arbitration is complete. As required by 28 U.S.C. § 636(b) and Federal Rule of Civil Procedure 72(b), the Court has made a *de novo* review of the record in this case. Upon said review, the Court finds that Plaintiff's objections, Doc. 30, to the Magistrate Judge's Report and Recommendations, Doc. 29, are not well taken and they are hereby **OVERRULED**.

Plaintiff and Defendants entered into a contract that stipulated broadly that any disputes arising out of it were to be resolved in arbitration. The arbitration provision is neither substantively nor procedurally unconscionable. Neither is there anything that renders the chosen arbitral forum incapable of effective vindication of Plaintiff's claim. While Plaintiff decries that the arbitration agreement forecloses use of material covered by attorney-client privilege, so would this Court. More generally, arbitration provisions that limit discovery are enforceable, parties may bargain to limit their exposure to the cost of discovery. Neither did Defendants waive their right to demand arbitration by waiting until a complaint was filed to demand it. Wherefore, the Court **GRANTS** Defendants' Motion to Dismiss **WITHOUT PREJUDICE**, (Doc. 6), **DENIES** Omnibus Motion to Convert Defendants' Motion to Dismiss to Motion for Summary Judgment; Request for Extended Deadline for the Parties to Submit Evidence; Request for Evidentiary Hearing; Request for Oral Argument of Plaintiff Barbara L. Sager, (Doc. 26), **DENIES** as moot Defendants' Motion for Protective Order, (Doc. 10), and **DISMISSES** Plaintiff's claims without prejudice to renewal after arbitration is complete. The Clerk is **ORDERED** to terminate the instant case.

**DONE** and **ORDERED** this Wednesday, December 28, 2005.

s/Thomas M. Rose

_____
THOMAS M. ROSE
UNITED STATES DISTRICT JUDGE